UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DEFENSE OF FREEDOM INSTITUTE FOR POLICY STUDIES, INC., <br><br>　　　　Plaintiff, <br><br>v. <br><br>U.S. DEPARTMENT OF EDUCATION; and WHITE HOUSE OFFICE OF MANAGEMENT AND BUDGET, <br><br>　　　　Defendants. | Case No. 6:23-cv-1515-PGB-EJK |

### MOTION FOR RULE 16(b) SCHEDULING CONFERENCE

Defendants, U.S. Department of Education and the White House Office of Management and Budget, pursuant to Federal Rule of Civil Procedure 16(b)(1)(B), move for a scheduling conference before the assigned United States Magistrate Judge. Relatedly, defendants request that the Court dispense with the case management report requirement under Local Rule 3.02.

### BACKGROUND

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and seeks judicial intervention with respect to three FOIA requests. (ECF 1-3, pp.2-10, 51-59, 64-84). Defendants answered the complaint on October 5, and raised their defense that venue is not proper in the Middle District of Florida.

(ECF 25, ¶4 (denying venue allegation), p.15 (raising improper venue as second affirmative defense)). Later, when the parties were unable to come to an agreement on the venue issue, defendants filed their Motion to Dismiss or, Alternatively, to Transfer (ECF 26). Therein, defendants argue venue is improper in the Middle District of Florida, *see* 5 U.S.C. § 552(a)(4)(B) (permitting venue where plaintiff "resides"); 28 U.S.C. § 1391(c)(2) (defining "resides" "[f]or all venue purposes"), and that this case should thus be dismissed. Alternatively, defendants argue this case should be transferred to the District of Columbia pursuant to 28 U.S.C. § 1406(a) or §1404(a).

On October 17, the parties held a telephone conference to discuss the case management report and schedule for this case. Given the complications related to the pending venue motion, the unique nature of FOIA actions (including a presumption against discovery and for resolution on summary judgment), and the incompatibility of such actions with the Court's form case management report—among other issues discussed below—the government proposed requesting a Rule 16(b) scheduling conference. Plaintiff agreed.

## MEMORANDUM

Under Federal Rule of Civil Procedure 16(b), the Court must enter a scheduling order upon receipt of the parties' case management report or "after consulting with the parties' attorneys … at a scheduling conference." Though this Court typically relies on the parties' case management report, the Court "enjoy[s] broad discretion in deciding how best to manage the cases before [it]." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). And where, as here, the nature of the action is not

compatible with the Court's form case management report, the Court will order a Rule 16(b) scheduling conference. *See, e.g.*, *Pound Law LLC v. Vidal*, No. 6:23-cv-61-ACC-RMN (M.D. Fla. Mar. 28, 2023), ECF 32 (striking case management report in trademark lawsuit against PTO and ordering scheduling conference); *Llamas v. USCIS, et al.*, No. 6:21-cv-1169-RBD-LHP (M.D. Fla. Oct. 7, 2021), ECF 23. Indeed, the Court recently ordered a scheduling conference sua sponte in a FOIA case. *See Llamas*, No. 6:21-cv-1169-RBD-LHP (M.D. Fla. Oct. 7, 2021), ECF 23.

Here, a Rule 16(b) conference will facilitate the entry of a schedule in this matter and promote efficiency. Namely, a scheduling conference will enable the parties to address with the Court the following complications that inhere in this case. First, there remains outstanding a dispute as to venue, including whether this case should be dismissed or transferred to the District of Columbia. (*See* ECF 26). This preliminary dispute will determine in which Court this case will proceed, such that considerations of the potential for transfer and the need for a new schedule in the transferee court should be accounted for here. Further—unlike in the normal case—a transfer of this case will involve the assignment of a new U.S. Attorney's Office (and thus new AUSA) and the likelihood for (if not guarantee of) duplication of the parties' efforts.

Second, this FOIA case is not compatible with the Court's form case management report for several reasons: (1) discovery is generally not permitted in FOIA cases, *Bonfilio v. OSHA*, 320 F. Supp. 3d 152, 157 (D.D.C. 2018); (2) this case will likely be resolved on summary judgment, *Evans v. BOP*, 951 F.3d 578, 584 (D.C. Cir. 2020) ("The vast majority of FOIA cases can be resolved on summary

judgment."); and (3) the parties will not know whether a dispute on the merits even exists until after preliminary negotiations and running of searches. Ultimately, given the above issues, defendants are hesitant to submit a modified case management report, only for it to then be rejected. *See Llamas*, No. 6:21-cv-1169-RBD-LHP (M.D. Fla. Oct. 7, 2021), ECF 23.

Further, there appear to be disputes between the parties as to which deadlines are appropriate in this case. For example, plaintiff has suggested that it will be taking general discovery. Yet defendants reject this position, *see Bonfilio*, 320 F. Supp. 3d at 157 ("Discovery is strongly disfavored in FOIA cases."); if there is to be any discovery in this case, it should relate to the issue of venue and whether plaintiff has any meaningful connection to this district. Plaintiff has also suggested that the venue dispute should not affect the production timeline for its FOIA requests. But plaintiff misunderstands the practical implications of its having filed a lawsuit and the lawsuit having been filed in the wrong district.

<u>Conferral process.</u> During the parties' October 17 discussion, they initially agreed to requesting a Rule 16(b) conference and to do so by joint motion, with plaintiff's counsel to prepare the joint motion. The parties, however, were ultimately unable to agree on the language for a joint motion. Given the upcoming case management report deadline (October 30), the government offered to file a unilateral motion for a scheduling conference. At this point, counsel for plaintiff advised that plaintiff opposes a scheduling conference if requested by unilateral motion. So plaintiff

apparently agrees to the relief requested in this motion if requested by joint motion but not if requested by unilateral motion.[1]

## CONCLUSION

Wherefore, defendants respectfully request that this Court grant this motion and (a) set a Rule 16(b) scheduling conference and otherwise dispense with the case management requirement under Local Rule 3.02; and (b) grant defendants such further relief as is just and proper.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g) and as set forth above, the undersigned certifies that he conferred with counsel for plaintiff, who advised that plaintiff opposes the relief requested in this motion.

---

[1] Plaintiff's counsel's position was that he believed the requested conference was a delay tactic. However, the government is not requesting particular dates in this motion but is, instead, simply requesting a conference to discuss dates. Further, it seems plaintiff does not actually oppose a scheduling conference.

Dated: October 25, 2023

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: /s/ Robert D. Sowell
Robert D. Sowell
Assistant United States Attorney
FBN 113615
Office of the United States Attorney
400 W. Washington St., Ste. 3100
Orlando, FL 32801
Telephone: 407-648-7500
Robert.sowell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participant:

Martha A. Astor, Esq.
Donald A. Daugherty, Jr., Esq.

/s/ Robert D. Sowell
Assistant United States Attorney